UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOMOTIVE KEYS GROUP, LLC, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:22-cv-04930 |
| v. | ) ) Hon. Steven C. Seeger |
| FIDEL SANCHEZ, et al., | ) ) Magistrate Judge Beth W. Jantz |
| Defendants. | ) ) ) |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f) and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1) and will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.      Nature of the Case**

   A.    **Identify the attorneys of record for each party.  Note the lead trial attorney and any local counsel.**

Counsel for Plaintiff Automotive Keys Group, LLC ("AKG") - Margo Wolf O'Donnell (lead trial attorney), Emily Newhouse Dillingham, Jordan J. Call, and P. Alexander Ehler of the law firm Benesch, Friedlander, Coplan & Aronoff LLP.

Counsel for Defendants Fidel Sanchez ("Sanchez") and Electronic Access Specialists, Inc. d/b/a Southern Lock and Supply Co. ("Southern Lock," and together with Sanchez, "Defendants") – Gregg I. Minkow (lead trial attorney) of the law firm Minkow & Bergman, LLC; Eric Koenig of the law firm Trenam Law; and Kevin M. Cloutier and Mikela T. Sutrina of the law firm Sheppard Mullin Richter & Hampton LLP.

   B.    **State the basis for federal jurisdiction.**

There are three bases claimed for federal jurisdiction: (1) original jurisdiction pursuant to 28 U.S.C. § 1331 based on AKG's claim under the Defend Trade Secrets Act, 18 U.S.C. § 1832 *et seq.*; (2) supplemental jurisdiction pursuant to 28 U.S.C. § 1367; and (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332.

C.  **Provide a short overview of the case in plain English (five sentences or less).**

AKG has sued Defendant Sanchez for injunctive relief and for recovery of its attorneys' fees for Sanchez's alleged breaches of an employment agreement that Sanchez entered into with AKG (the "Employment Agreement"), including for alleged breach of the noncompete, nonsolicitation, nondisparagement, return of property and confidentiality provisions in the Employment Agreement. AKG has also sued Sanchez for injunctive relief and for the recovery of attorneys' fees for his alleged violations of the Defend Trade Secrets Act, Illinois Trade Secrets Act, and for Sanchez's alleged breaches of his fiduciary duties and tortious interference with AKG's prospective economic advantage. AKG has sued Southern Lock for alleged tortious interference with the Employment Agreement, violations of the Defend Trade Secrets Act and Illinois Trade Secrets Act and tortious interference with AKG's prospective economic advantage. In response, Sanchez and Southern Lock deny the material allegations by AKG; challenge the adequacy of consideration and enforceability of the purported Employment Agreement; and contend that the Employment Agreement and this lawsuit are an attempt to restrain legitimate competition.

D.  **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

AKG has asserted claims against Sanchez for breach of contract, violation of the Defend Trade Secrets Act, violation of the Illinois Trade Secrets Act, breach of fiduciary duty, and tortious interference with prospective economic advantage. AKG has asserted claims against Southern Lock for violation of the Defend Trade Secrets Act, violation of the Illinois Trade Secrets Act, tortious interference with prospective economic advantage, and tortious interference with contract.

Sanchez (and Southern Lock, if it waives its jurisdictional challenge) plan to move under FRCP 12(b)(6) for dismissal of all counts. In the event the Second Amended Complaint survives that Motion, counterclaims sounding in tortious interference with Sanchez's new employment and antitrust (systematically attempting to monopolize the used automotive keys and remote keyless entry device industry, and misusing restrictive covenant agreements and trade secret claims toward that end) are anticipated. Affirmative defenses potentially include failure of consideration, illegality, and duress regarding the Employment Agreement.

E.  **What are the principal factual issues?**

The principal factual issues include: (1) whether Sanchez violated the Employment Agreement; (2) whether Sanchez and Southern Lock have solicited business from AKG's preexisting and prospective customers in violation of the Employment Agreement; and (3) whether Sanchez and Southern Lock solicited or induced former AKG employees, John Nelson, Zurisaddai ("Zuri") Bustos, and other former AKG employees, to commence employment with Southern Lock; (4) whether the conduct of Sanchez, Southern Lock, or the other former AKG employees violated any duty owed to AKG; (5) whether Sanchez and Southern Lock have retained AKG's property and misappropriated AKG's confidential information and trade secrets for use in a competing business; (6) whether Sanchez has defamed and disparaged AKG; (7) whether Sanchez engaged in breaches of his fiduciary duties; (8) what comprised the actual consideration for Sanchez and other AKG employees to sign the Employment Agreement; (9) what legitimate interests of AKG, if any, the

Employment Agreement was necessary to protect; (10) the extent of the evidence regarding ease or difficulty of replication, ease or difficulty of development, availability from public or unrestricted sources, and protective measures taken or not taken (including as to customers), regarding the information that AKG seeks to protect; (11) whether reasons unrelated to any alleged conduct by Sanchez or Southern Lock have caused AKG's business to suffer; (12) what role AKG's own communications and business choices played in customer and supplier dissatisfaction with AKG expressed in social media and the marketplace; and (13) whether AKG's claims of trade secret misappropriation were made in bad faith for purposes of fee shifting under 765 ILCS 1065/5 and 18 U.S.C. § 1836(b)(3)(d). There may be additional fact issues to be determined.

F. **What are the principal legal issues?**

**The principal legal issues are:**

(1) Whether the Court should enter injunctive relief restraining Sanchez from competing against AKG;
(2) Whether the Court should enter injunctive relief restraining Sanchez and Southern Lock from soliciting AKG's customers;
(3) Whether the Court should enter injunctive relief restraining Sanchez and Southern Lock from soliciting AKG's employees to commence employment with Southern Lock;
(4) Whether the Court should enter injunctive relief restraining Sanchez from working for Southern Lock in a manner competitive to AKG;
(5) Whether the Court should enter injunctive relief restraining Southern Lock from employing Sanchez in a manner competitive to AKG;
(6) Whether the Court should enter injunctive relief requiring Sanchez and Southern Lock to return any AKG property to AKG;
(7) Whether the Court should enter injunctive relief restraining Sanchez and Southern Lock from misappropriating or using AKG confidential information or trade secrets;
(8) Whether the Court should order Sanchez to disgorge any compensation he received from AKG due to any period of alleged disloyalty to AKG during Sanchez's AKG employment;
(9) Whether the Court should award AKG damages in connection with the request for injunctive relief;
(10) Whether the Court should award attorneys' fees and court costs incurred in connection with this action pursuant to the Employment Agreement or applicable law;
(11) Whether the Employment Agreement was supported by adequate consideration under Illinois law;
(12) Whether the Employment Agreement is overbroad, contrary to public policy, or otherwise unenforceable;
(13) Whether the Employment Agreement, if overbroad, is subject to reformation in any respect;
(14) Whether any of the information AKG seeks to protect is actually a trade secret or confidential, under either the Employment Agreement or the state and federal statutes invoked by AKG; and.
(15) Ownership of the flash drives described in the Sanchez Declaration (Dckt. No. 60).

There may be additional legal issues to be determined.

**G.** **What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).**

AKG is seeking: the return of its claimed property, including but not limited to allegedly confidential information and alleged trade secrets; injunctive relief restraining Defendants from misusing or misappropriating AKG's claimed confidential information and trade secrets; injunctive relief to restrain Sanchez from defaming AKG; injunctive relief restraining Defendants from soliciting AKG's preexisting and prospective customers and from inducing such customers to terminate business relationships with Automotive Keys Group; injunctive relief restraining Defendants from soliciting AKG's employees to commence employment with Southern Lock; and injunctive relief prohibiting Sanchez from working for Southern Lock in a manner competitive to AKG that allegedly breaches Sanchez's contractual obligations. AKG is also seeking any monetary damages in connection with injunctive relief and recovery of attorneys' fees. Automotive Keys Group estimates that its monetary recovery could exceed $5 million.

**H.** **Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

All Defendants have been served and have entered appearances through their legal counsel. Southern Lock asserts that its appearance has been for the sole purpose of contesting personal jurisdiction under FRCP 12(b)(2), but is considering a possible waiver of that challenge before its response to AKG's Second Amended Complaint is due (in which case it will join in Sanchez's FRCP 12(b)(6) Motion to Dismiss the Second Amended Complaint).

**II.** **Discovery**

**A.** **Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.** *Fill in the blanks, below.*

> Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.

**Proposed Schedule**

| Event | Deadline |
|---|---|
| Fed. R. Civ. P. 26(a)(1) Initial Disclosures | **May 15, 2023** |
| Amendment to the pleadings | **October 16, 2023** |

| Service of process on any "John Does" | N/A |
|---|---|
| Completion of Fact Discovery | **October 16, 2023** |
| Disclosure of Plaintiff's Expert Report(s) | **November 22, 2023** |
| Deposition of Plaintiff's Expert(s) | **December 22, 2023** |
| Disclosure of Defendant's Expert Report(s) | **January 23, 2024** |
| Deposition of Defendant's Expert(s) | **February 23, 2024** |
| Dispositive Motions | **April 8, 2024** |

**B.    How many depositions do the parties expect to take?**

The parties anticipate that they may take the depositions of 8-10 individuals per side, excluding experts.

**C.    Do the parties foresee any special issues during discovery?**

Plaintiff demands the immediate return of its claimed property that Sanchez and Southern Lock retain. Defendants contend that a claim for a return of alleged property is substantive ultimate relief, not a discovery issue. The Parties are currently working together to establish a mutually agreeable protocol regarding forensic examination of the flash drives that are the subject of the Sanchez Declaration (Dckt. No. 60). Plaintiff does not waive its right to demand the turnover of the flash drives.

**D.    Rule 26(f)(2) requires the parties to propose a discovery plan.  *See* Fed. R. Civ. P. 26(f)(2).  Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics.  *See* Fed. R. Civ. P. 26(f)(3).  Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)?  If so, do the parties propose anything?**

The parties have discussed a discovery plan in accordance with Fed. R. Civ. P. 26(f)(3).  The parties do not believe any changes should be made with respect to the disclosures under Rule 26(a). AKG asserts that the subjects for discovery include Sanchez's and Southern Lock's communications and plans prior to, at the time of, and after Sanchez's departure from employment with AKG. One issue which AKG claims is for discovery is the return of AKG's claimed property in the possession of Sanchez or Southern Lock, any communications or business with any former or current AKG employee, vendor, contractor customer or prospective customer by Sanchez and/or Southern Lock; any information relating to Southern Lock's automotive business and the expansion thereof since the

5

hiring of Sanchez. AKG anticipates there could be issues relating to the retention or destruction of relevant information by Sanchez, including but not limited emails and information contained on his iPhone and other devices, forensic analysis of the devices that Sanchez plugged into the AKG system, and Sanchez's alleged printing of AKG information prior to his departure.

Defendants assert that the subjects for discovery include AKG's communications to employees about the employment agreement(s) they were provided for signature; all facts giving rise to the presence or absence of trade secret or confidential status for information (see ¶ I(E)(10), above); all facts giving rise to alleged damages claimed by AKG, including causation by factors other than alleged conduct by Sanchez and Southern Lock (see ¶¶ I(E)(11), (12), above); all facts giving rise to whether the Employment Agreement is enforceable (see ¶¶ I(E)(8), (9), and (10), above); and all subjects bearing on the other factual issues enumerated in ¶ I(E), above. Defendants anticipate there could be issues relating to the destruction of relevant information by AKG, including information in AKG's control on its email servers.

The parties do not anticipate any abnormal privilege issues. At this time, the parties do not seek any changes from the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Court's local rules. The parties will seek to jointly prepare a protective order governing the production of confidential information (if any) consistent with Fed. R. Civ. P. 26(c) for the Court's consideration.

### III.   Trial

#### A.   Have any of the parties demanded a jury trial?

No. However, if any Defendant's FRCP 12(b)(6) or 12(b)(2) Motion to Dismiss the Second Amended Complaint is denied, a timely jury demand by such Defendant under FRCP 38 is anticipated.

#### B.   Estimate the length of trial.

The parties do not anticipate a trial lasting more than 5-10 trial days.

### IV.   Settlement, Referrals, and Consent

#### A.   Have any settlement discussions taken place?  If so, what is the status?  Has the plaintiff made a written settlement demand?  And if so, did the defendant respond in writing?

The parties did attempt to settle this matter, although settlement discussions have since stalled. The parties engaged in settlement discussions without the assistance of a mediator. There is no written settlement demand outstanding.

#### B.   Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

Yes, the parties request a settlement conference before the Magistrate Judge.

      **C.** **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.**

Counsel have informed their respective clients about the possibility of consenting to the jurisdiction of the Magistrate Judge for all purposes. However, there is not unanimous consent.

**V.** **<u>Other</u>**

      **A**. **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

Plaintiff has also been made aware of two AKG employees that it claims Defendants have solicited in violation of Defendant Sanchez's Employment Agreement. Plaintiff demands the return or turnover of its claimed property in Defendant's possession, including the flash drives that are the subject of the Sanchez Declaration. The parties, for their respective reasons, disagree on whether the flash drives should go directly to AKG's previously-retained expert for analysis; for the time being, they have agreed initially to provide the flash drives to an independent expert for analysis, but Plaintiff does not waive its right to demand production of the drives by agreeing to this protocol and both parties reserve all rights with respect to their property. Plaintiff disputes Defendants' contentions below, and claims Sanchez has blatantly violated his own Employment Agreement and continues to do so, with the active inducement of Southern Lock.

      **B**. **Is there anything else that the Defendant(s) wants the Court to know? (Please be brief.)**

The Defendants contend AKG has inaccurately speculated as to how former employees met and wound up at Southern Lock; meanwhile, the Sanchez Declaration states the flash drives at issue are very low capacity memory sticks gifted to him by a prior employer, Keyline USA, during that employment, and still bear its name on their face. Defendants claim that AKG, as a matter of public record, has been on a merger campaign in what it claims is already a small industry, and Defendants contend it seeks to restrain competition by way of overbroad restrictive covenants for employees of the acquired companies, and trade secret claims for supply chain and customer information which Sanchez contends is readily available on the Internet and elsewhere. Southern Lock states it has been in the automotive keys business for decades, and is not a newcomer needing AKG information. Sanchez contends that AKG's missteps since acquiring his former employer, Midwest Keyless, so damaged his earnings prospects (as a commissions-only salesman by the time he left) that he willingly accepted an immediate 75% pay cut, and relocated his family halfway across the country, just to have a chance to start over, relying on his people skills rather than any trade secrets. Like AKG, the Defendants do not admit their opponents' contentions.

Respectfully submitted,

/s/Margo Wolf O'Donnell
Margo Wolf O'Donnell (6225758)
modonnell@beneschlaw.com
Emily Newhouse Dillingham (6290333)
edillingham@beneschlaw.com
Jordan J. Call (6340589)
jcall@beneschlaw.com
P. Alexander Ehler (6341583)
paehler@beneschlaw.com
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606-2211
Telephone: 312.212.4982
Facsimile: 312.767.9192
*Counsel for Plaintiff Automotive Keys Group, LLC*


/s/Gregg I. Minkow
| | |
|---|---|
| Gregg I. Minkow (6181058) | Eric Koenig (admitted *pro hac vice*) |
| **MINKOW & BERMAN, LLC** | **TRENAM LAW** |
| 161 N. Clark Street, Suite 1600 | 101 E. Kennedy Blvd., Suite 2700 |
| Chicago, Illinois 60601 | Tampa, FL 33602 |
| Telephone: 847.489.6999 | Telephone: 813.227.7405 |
| Fax: 847.753.9974 | Fax: 813.227.0405 |
| Email: gminkow@trenam.com | Email: ekoenig@trenam.com |
| *Counsel for Defendants Fidel Sanchez and Electronic Access Specialists, Inc. d/b/a Southern Lock and Supply Co.* | *Counsel for Defendants Fidel Sanchez and Electronic Access Specialists, Inc. d/b/a Southern Lock and Supply Co.* |

Kevin M. Cloutier (6273805)
Mikela T. Sutrina (6311408)
SHEPPARD MULLIN RICHTER
& HAMPTON LLP
321 N. Clark St., 32nd Floor
Chicago, IL 60654
Telephone: 312.499.6300
Email: kcloutier@sheppardmullin.com
      msutrina@sheppardmullin.com
*Counsel for Defendants Fidel Sanchez and Electronic Access Specialists, Inc. d/b/a Southern Lock and Supply Co.*