## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AUTOMOTIVE KEYS GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-04930 |
| v. ) | |
| ) | Hon. Judge Steven C. Seeger |
| FIDEL SANCHEZ and ELECTRONIC ACCESS ) | |
| SPECIALISTS, INC., doing business as ) | |
| SOUTHERN LOCK AND SUPPLY CO., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' FRCP 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Fidel Sanchez and Electronic Access Specialists, Inc., d/b/a Southern Lock and Supply Co. ("Defendants") through their undersigned counsel, hereby respectfully move this Honorable Court for an order dismissing Plaintiff Automotive Keys Group, LLC's Second Amended Complaint. Defendants' Memorandum of Law in support of this Motion is filed concurrently herewith. In support of their Motion, Defendants state as follows:

1. Plaintiff AKG's Second Amended Complaint ("SAC") fails to state a claim on any of AKG's six causes of action brought against Defendants. Instead of alleging actual facts in support of its claims, AKG recites elements of its causes of action and asks the Court to make unsupported and speculative leaps to reach AKG's conclusions. This is not enough to survive a motion to dismiss under *Ashcroft v. Iqbal*, 556 U.S. 662, 678-9 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and their progeny.

2. First addressing AKG's trade secrets claims at Counts II and III, both claims fail on the fundamental basis that AKG does not establish any of the information at issue is actually a trade secret. For the third time in a row, AKG has failed to identify any specific information which

is purportedly secret. Instead, it relies on mere labels and generalized categories of purportedly secret information, each of which lack any specificity or particularity. Such "generalities" are not enough to state a claim for trade secret misappropriation under the Illinois Trade Secrets Act or the Defend Trade Secrets Act. *See NEXT Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, No. 1:17-cv-8829, 2020 WL 2836778, at *13 (N.D. Ill. May 31, 2020) (Seeger, J.) (finding trade secrets did not exist where moving party "clings to generalities. It describes what its alleged trade secrets do, not what they are.").

3. Moreover, the majority of the information AKG claims is a trade secret is actually in the public domain and easily ascertainable by simple internet searches or general industry knowledge. By definition, this information is not a trade secret. *See Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 540 (7th Cir. 2021) (stating "[i]nformation that is public knowledge or that is generally known in an industry cannot be a trade secret").

4. AKG also fails to plead that it takes reasonable measures to protect the information it claims are trade secrets as required under ITSA or DTSA. Indeed, AKG does not allege it enters into confidentiality agreements with customers or suppliers who are free to divulge the terms of their agreements with AKG to any outside party. This includes pricing, preferences, volume, or other information pertaining to the customer or supplier. "Pricing information shared freely with customers without confidentiality requirements is insufficiently secret to garner protection." *Abrasic 90 Inc. v. Weldcote Metals, Inc.*, 364 F. Supp. 3d 888, 898 (N.D. Ill. 2019).

5. Finally, and further fatal to AKG's trade secrets claims, there are no facts establishing Defendant Sanchez copied, used, or otherwise disclosed trade secret information. There is no plausible allegation of misappropriation and these claims fail.

Case: 1:22-cv-04930 Document #: 71 Filed: 04/17/23 Page 3 of 6 PageID #:1193

6. Because AKG fails to plausibly allege the existence of trade secrets, Count IV (breach of fiduciary duty relating to use of trade secrets) and Count V (tortious interference with prospective advantage by misusing trade secrets or confidential information) are similarly deficient. These claims fail on two fronts: (1) AKG does not establish the existence of trade secrets or confidential information, and (2) AKG fails to allege any facts showing Sanchez improperly used or disclosed such information. Thus, there are no facts underpinning Count IV or V and they must be dismissed.

6. Count I (breach of contract) fares no better. AKG purports to bring this claim against Sanchez for various breaches of his AKG Employment Agreement (the "Agreement"), which include: (1) breach of the confidentiality provision, (2) breach of the non-compete, (3) breach of the employee non-solicitation provision, and (4) breach of the non-disparagement provision.

7. As a threshold issue, the Agreement is void on its face for lack of sufficient consideration. Sanchez, an at-will employee, was employed for less than two years from the Agreement's signing, rendering any "continued employment" masquerading as consideration insufficient under *Fifield v. Premier Dealer Services, Inc.*, 2013 IL App (1st) 120327, ¶ 19. AKG's paltry "payment" to Sanchez also does not salvage the Agreement under Illinois law, especially where the Agreement's purpose is to unduly restrain trade. It is void as against public policy. *See* Restatement (Second) of Torts, § 774.

8. Consequently, Count IV (tortious interference with contract) must be dismissed. A void agreement cannot serve as the basis for a tortious interference with contract claim as against Southern Lock. *See Trombetta v. Bd. of Educ.*, No. 02 C 5895, 2003 WL 1193337, at *3 (N.D. Ill. Mar. 17, 2003) (dismissing tortious interference claim because contract in question was not valid).

SMRH:4872-9733-5902.2 -3-

9. Even if the Agreement were permitted to stand, AKG fails to allege any other breaches. As it relates to the confidentiality provision, the information at issue is *not* confidential where, as here, it is largely in the public domain. AKG cannot simply label information "confidential" when it is easily ascertainable in the public domain, on the internet, or from AKG's customers themselves. Without facts showing that any of the information at issue is actually confidential, or that Sanchez actually disclosed this information, AKG's breach of contract claim on this basis fails.

9. As for AKG's claim that Sanchez solicited an AKG employee, this claim is based on nothing other than unsupported speculation. The SAC merely concludes that because a former AKG employee and Sanchez both work at Southern Lock, Sanchez recruited him. There are no facts supporting this conclusion or connecting these dots. This is not enough to allege a plausible claim under *Iqbal* and *Twombly*.

10. Finally, the SAC is devoid of any facts showing Sanchez breached the Agreement's non-disparagement provision. AKG relies solely on a Facebook post by a former AKG *customer* to accuse Sanchez of disparaging AKG. Yet, nothing in this post attributes the statements to Sanchez or establishes Sanchez ever made a disparaging statement about AKG. AKG's naked conclusions cannot sustain a breach of contract claim.

11. For these reasons, and those set forth in Defendants' Memorandum Filed In Support contemporaneously herewith, which are fully incorporated here, Defendants respectfully request the Court dismiss Plaintiff's Second Amended Complaint, with prejudice.

Dated: April 17, 2023

| | |
|---|---|
| Gregg I. Minkow (Atty No. 6181058)<br>Minkow & Bergman, LLC<br>161 N. Clark Street, Suite 1600<br>Chicago, IL 60601<br>Phone: (847) 489-6999<br>Email: gminkow@minkowbergman.com<br><br>Kevin M. Cloutier (Atty No. 6273805)<br>Mikela T. Sutrina (Atty. No. 6311408<br>Sheppard, Mullin, Richter & Hampton<br>321 N. Clark Street, 32nd Floor<br>Chicago, IL 60601<br>Phone: (312) 499-6300<br>Email: kcloutier@sheppardmullin.com<br>Email: msutrina@sheppardmullin.com | FIDEL SANCHEZ and ELECTRONIC ACCESS SPECIALISTS, INC., d/b/a SOUTHERN LOCK AND SUPPLY CO., Defendants<br><br>By:    */s/Kevin M. Cloutier*<br>        One of Their Attorneys |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 17, 2023, a copy of the foregoing was filed with the Court's CM/ECF system, which will serve all counsel of record.

                                                           /s/ Kevin M. Cloutier
                                                           Kevin M. Cloutier